USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZUBEARU BETTIS,

Plaintiff,

-against-

METROPOLITAN CORRECTIONAL CENTER; BUREAU OF PRISONS NORTH EAST REGION DIRECTOR; L. N'DIAYE, WARDEN METROPOLITAN CORR. CENTER, N.Y.; LT. PEREZ; FACILITY DIRECTOR MCC NY; DR. BEAUDOIN; WALKES, COUNSELOR MCC NY; BULLOCK, COUNSELOR MCC NY; JANE DOE, PHYSICIAN ASSISTANT,

Defendants.

21-CV-7496 (VEC)

ORDER OF SERVICE

VALERIE CAPRONI, United States District Judge:

Plaintiff, who is currently incarcerated in the Westchester County Jail, brings this *pro se* action alleging that, while he was detained in the Metropolitan Correctional Center, Defendants violated his rights. By order dated September 28, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**DISCUSSION**

Because Plaintiff alleges that his constitutional rights were violated by employees of the federal government, the Court liberally construes Plaintiff' s complaint as asserting claims under

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [§ 1983].").

**A. Metropolitan Correctional Center**

Plaintiff's claims against the Metropolitan Correctional Center must be dismissed. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. The Metropolitan Correctional Center is not a "person" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) (state is not a "person" for the purpose of § 1983 claims); *Zuckerman v. Appellate Div., Second Dep't Supreme Court*, 421 F.2d 625, 626 (2d Cir. 1970) (court not a "person" within the meaning of 42 U.S.C. § 1983); *Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of § 1983). Therefore, Plaintiff's claims against the Metropolitan Correctional Center are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Bureau of Prisons North East Region Director**

Plaintiff's claims against the Bureau of Prisons North East Region Director must also be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the Bureau of Prisons North East Region Director was personally involved in the events underlying his claims. Plaintiff's claims against this defendant are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. L. N'Diaye, Warden Metropolitan Corr. Center, N.Y.; Lt. Perez; Dr. Beaudoin; Walkes, Counselor MCC NY; and Bullock, Counselor MCC NY**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service

automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants L. N'Diaye, Warden Metropolitan Corr. Center, N.Y.; Lt. Perez; Dr. Beaudoin; Walkes, Counselor MCC NY; and Bullock, Counselor MCC NY, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D. John/Jane Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the Metropolitan Correctional Center to identify the Facility Director MCC NY; and Jane Doe, Physician Assistant. It is therefore ordered that the United States Attorney's Office, which is the attorney for and agent of the Metropolitan Correctional Center, must ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the addresses where the Defendants may be served. The United States Attorney's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John/Jane Doe Defendants. The amended complaint will replace, not supplement, the

original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John/Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 forms with the addresses for L. N'Diaye, Warden Metropolitan Corr. Center, N.Y.; Lt. Perez; Dr. Beaudoin; Walkes, Counselor MCC NY; and Bullock, Counselor MCC NY, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because these defendants are federal defendants, the Clerk of Court is further instructed to mark the box on the USM-285 forms labeled "Check for service on U.S.A."**

The Clerk of Court is directed to mail a copy of this order and the complaint to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

An amended complaint form is attached to this order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 1, 2021
New York, New York

VALERIE CAPRONI
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. L. N'Diaye, Warden
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

2. Lt. Perez
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

3. Dr. Beaudoin
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

4. Walkes, Counselor
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

5. Bullock, Counselor
Metropolitan Correctional Center
150 Park Row
New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_______________________________________

_______________________________________

Write the full name of each plaintiff.

_____CV_______________

(Include case number if one has been assigned)

-against-

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?

☐ Yes ☐ No

_______________________________________

_______________________________________

_______________________________________

_______________________________________

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: ______________________________

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

______________________________

First Name Middle Initial Last Name

______________________________

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

______________________________

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

______________________________

Current Place of Detention

______________________________

Institutional Address

______________________________

County, City State Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☐ Convicted and sentenced prisoner

☐ Other: ______________________________

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 2:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 3:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

Defendant 4:

First Name Last Name Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City State Zip Code

## V. STATEMENT OF CLAIM

Place(s) of occurrence: ______________________________

Date(s) of occurrence: ______________________________

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated	Plaintiff's Signature

First Name	Middle Initial	Last Name

Prison Address

County, City	State	Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: ____________