

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/11/2022

April 7, 2022

**VIA ECF**

The Honorable Katherine H. Parker
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

The Court will discuss the Defendant's request for a stay at the ICMC scheduled for May 5, 2022.

SO ORDERED:
*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE
4/11/2022

Re:   *Bettis v. L. N'Diaye et al.*, No. 21 Civ. 07496 (VEC) (KHP)

Dear Judge Parker:

This Office represents Defendants Lamine N'Diaye, Robert Beaudouin, Nathaniel Bullock, Carlos Perez, and Erskine Walkes (collectively the "Federal Defendants") in this *pro se* action.  The Federal Defendants respectfully write to request a stay of discovery and an adjournment of the Initial Case Management Conference currently scheduled for May 5, 2022 because they have filed a motion to dismiss Plaintiff's Complaint, or in the alternative, for summary judgment (the "Federal Defendants' Motion"), which they believe may resolve this matter in its entirety.  In addition, the Federal Defendants respectfully submit that a stay of discovery while the Federal Defendants' Motion is pending would not prejudice Plaintiff.

Plaintiff commenced this action alleging that the Federal Defendants violated his civil rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), when he was detained at Metropolitan Correctional Center, New York as a convicted prisoner awaiting sentencing.  *See* Dkt. No. 2.  In his Complaint, Plaintiff appears to assert a deliberate indifference to his medical needs claim under the Eighth Amendment, a deliberate indifference to the conditions of his confinement claim under the Eighth Amendment, and a claim based on the interference of his administrative grievances.  *See id.* at 2-7.

Under Rule 26(c) of the Federal Rules of Civil Procedure, a stay of discovery may be issued upon a showing of "good cause."  "[C]ourts in this district have held that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds, or, stated another way, does not appear to be without foundation in law." *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks and brackets omitted) (collecting cases).  "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case."  *Alford v. City of N.Y.*, No. CV 2011-0622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted).  Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion."  *Brooks*

*v. Macy's Inc.*, No. 10 Civ. 5304 (BSJ) (HBP), 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010).

   The Federal Defendants' Motion may be dispositive of this entire action and has a sound basis in law.  In the Federal Defendants' Motion, the Federal Defendants first argued that Plaintiff's *Bivens* claims should be dismissed because they arise in a new context and special factors counsel hesitation in extending the *Bivens* remedy to his claims.  *See* Dkt. No. 36 at 12-17.  Second, the Federal Defendants argued that Plaintiff fails to state a claim for deliberate indifference to his medical needs because, *inter alia*, Plaintiff has not plausibly alleged that the Federal Defendants deprived him of adequate medical care and that the Federal Defendants knew of and disregarded his serious medical needs.  *See id.* at 17-23.  Third, the Federal Defendants argued that Plaintiff fails to state a claim for deliberate indifference based on the conditions of his confinement because Plaintiff has not plausibly alleged that the Federal Defendants knew about the risks that the alleged black mold posed to inmate health or safety and exhibited deliberate indifference to those risks.  *See id.* at 23-24.  Fourth, the Federal Defendants argued that Plaintiff fails to state a claim based on any interference of his administrative grievances because interfering with administrative grievances does not give rise to a constitutional violation.  *See id.* at 25.  Fifth, the Federal Defendants argued that Plaintiff's request for injunctive relief should be dismissed because the only remedy available in a *Bivens* action is an award for monetary damages.  *See id.* at 25-26.  Finally, the Federal Defendants argued that in the alternative, the Court should grant summary judgment in their favor because Plaintiff failed to exhaust his administrative remedies as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).  *See id.* at 26-30.

   While the Federal Defendants are unaware of the breadth of discovery sought by Plaintiff, discovery in this action, while the Federal Defendants' Motion is pending, would likely be burdensome for the parties, especially because Plaintiff is currently incarcerated.  The Federal Defendants respectfully submit that they should not be required to engage in discovery if the Federal Defendants' Motion may result in the dismissal of the entire action under Federal Rule of Civil Procedure 12(b)(6), the granting of summary judgment in their favor under Federal Rule of Civil Procedure 56, or the dismissal of some of the claims in the action which may affect the scope of discovery.  Furthermore, the Federal Defendants submit that no prejudice would result from a stay of discovery while the Federal Defendants' Motion is pending because the stay would presumably be in place for a relatively short period of time.  *See Spinelli v. Nat'l Football League*, No. 13 CIV. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (with the viability of the complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice); *Miller v. Brightstar Asia, Ltd.*, No. 20 Civ. 4849 (GBD) (JLC), 2020 WL 7483945, at *5 (S.D.N.Y. Dec. 21, 2020) (plaintiff will not be prejudiced by staying discovery until the court decides the motion to dismiss because if the court denies the motion, a stay of discovery will presumably be for a relatively short time) (internal citations omitted).

   For the foregoing reasons, the Federal Defendants respectfully request that discovery be stayed pending the Federal Defendants' Motion and that the Initial Case Management Conference be adjourned pending the Court's decision on that motion.  In addition, because the *pro se* Plaintiff is currently incarcerated, this Office did not attempt to contact him regarding this motion.

   I thank the Court for its attention to this matter.

Respectfully,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Elizabeth J. Kim
ELIZABETH J. KIM
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, NY 10007
Tel: (212) 637-2745
Elizabeth.Kim@usdoj.gov

cc: Zubearu Bettis, Plaintiff *pro se* (via Certified Mail)